JS 44   (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christopher Hickman

## DEFENDANTS
Q Carriers, Inc. and Jack Robinson

**(b)** County of Residence of First Listed Plaintiff: **Pasquotank**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Scott**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Levinson and Stefani, 230 W. Monroe St., Ste. 2210, Chicago, IL 60606
P: (312) 376-3812

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**28 USC 1367**
Brief description of cause:
**Motor vehicle crash**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 75000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE:
DOCKET NUMBER:

DATE: 02/01/2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kenneth H. Levinson

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT ILLINOIS**

| | |
|---|---|
| CHRISTOPHER HICKMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| Q CARRIERS, INC., and JACK ROBINSON, | ) ) **Plaintiff Demands a Jury Trial** ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Christopher Hickman, by and through his attorneys, Levinson and Stefani, and complaining of the Defendants, Q Carriers, Inc., and Jack Robinson, states as follows:

### Venue and Jurisdiction

1. Plaintiff Christopher Hickman, (hereinafter, "Hickman"), is a citizen of the State of North Carolina.

2. Defendant Q Carriers, Inc., (hereinafter, "QCI"), is a corporation incorporated under the laws of the State of Minnesota having its principal place of business in the State of Minnesota.

3. Defendant Jack Robinson, (hereinafter, "Robinson"), is a citizen of the State of Florida.

4. Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of

$75,000.00. Each of the parties hereto is a citizen of the United States, but is a citizen of separate states within the United States.

5. This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Facts Common to All Counts

7. On February 5, 2019 and at all relevant times herein, Defendant QCI was a Motor Carrier defined by and subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

8. On February 5, 2019, and at all relevant times herein, Defendant Robinson was acting in the course and scope of his employment and/or agency with Defendant QCI.

9. At all relevant times herein, Defendant Robinson was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

10. On said date, the Defendant QCI was the owner and operator of a semi truck, US DOT Number 191719 (hereinafter, the "Semi Truck").

11. At said time and place, Plaintiff Hickman was inside his vehicle that was parked in front of Defendants' Semi Truck.

12. At all times relevant herein, Plaintiff Hickman was acting with all due care for his own safety.

**COUNT I:    Negligence against Robinson**

13. The Plaintiff hereby adopts and re-alleges paragraphs 1-12 as though fully set forth herein.

14. At said time and place, it was the duty of the Defendant, Robinson, to operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons, including the Plaintiff.

15. Notwithstanding the foregoing duty, Robinson did operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a)   parked his Semi Truck without engaging the parking brake;

    b)   failed to keep a proper lookout;

    c)   failed to avoid a collision with the vehicle occupied by Plaintiff;

    d)   struck the vehicle occupied by the Plaintiff;

    e)   failed to slow or stop his Semi Truck when danger to the Plaintiff was imminent;

    f)    failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*; and

    g)    failed to properly maintain his Semi Truck, including but not limited to adequate brakes.

16.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Robinson did violently collide with the vehicle occupied by the Plaintiff, Christopher Hickman, and as a result thereof, the Plaintiff suffered the following past, present, and future loss and damage:

    a)    bodily injury;

    b)    disfigurement;

    c)    pain and suffering;

    d)    mental suffering;

    e)    loss of earnings;

    f)    medical expenses; and

    g)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Christopher Hickman, prays for judgment against the Defendant, Jack Robinson, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT II:   Negligence against Q Carriers, Inc. under *respondeat superior***

17.   The Plaintiff hereby adopts and re-alleges paragraphs 1-12 as though fully set forth herein.

18.   At said time and place, it was the duty of the Defendant, QCI, by and through its agent or employee, Defendant Robinson, to own, operate, maintain, and control its Semi Truck in a manner so as not to negligently cause injury to persons, including the Plaintiff, Christopher Hickman.

17.   Notwithstanding the foregoing duty, the Defendant, QCI, by and through its agent or employee, Defendant Robinson, did own, operate, maintain, and control its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

   a)   parked his Semi Truck without engaging the parking break;

   b)   failed to keep a proper lookout;

   c)   failed to avoid a collision with the vehicle occupied by Plaintiff;

   d)   struck the vehicle occupied by the Plaintiff;

   e)   failed to slow or stop his Semi Truck when danger to the Plaintiff was imminent;

   f)   failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*; and

   g)   failed to properly maintain his Semi Truck, including but not limited to adequate brakes.

18. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant QCI did violently collide with the vehicle occupied by the Plaintiff, Christopher Hickman, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

    a) bodily injury;

    b) disfigurement;

    c) pain and suffering;

    d) mental suffering;

    e) loss of earnings;

    f) medical expenses; and

    g) disability or loss of normal life.

WHEREFORE, the Plaintiff, Christopher Hickman, prays for judgment against the Defendant, Q Carriers, Inc., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT III:   Direct Negligence against Q Carriers, Inc.**

19. The Plaintiff hereby adopts and re-alleges paragraphs 1-12 as though fully set forth herein.

20. Defendant QCI had a duty to act reasonably in hiring, training, and retaining

Defendant Robinson to operate the Semi Truck.

21. Defendant QCI had a duty to promulgate and enforce rules and regulations to ensure its drivers, including Robinson, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws.

22. Notwithstanding the foregoing duties, the Defendant, QCI, by and through its employees or agents, did breach said duties in one or more of the following ways:

    a) knew or should have known Robinson was unfit to operate the Semi Truck;

    b) allowed Robinson to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

    c) failed to properly train Robinson in the operation of the Semi Truck;

    d) failed to ensure or verify Robinson was properly trained in the operation of the Semi Truck;

    e) failed to discipline or re-train Robinson when it knew or should have known Robinson failed to comply with various rules and regulations;

    f) failed to remove Robinson from his duties after it knew or should have known Robinson was unfit for the job;

    g) failed to properly supervise Robinson when necessary or reasonable to do so to ensure safety and compliance with applicable rules; and

    h) failed to train and communicate to Defendant Robinson various commercial driver safety rules, statues, regulations, industry customs about keeping a proper lookout for hazards while operating a commercial motor vehicle, operating a commercial motor vehicle so as to avoid collisions, and not

operating a commercial motor vehicle while distracted.

23. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by the Defendant QCI did violently collide with the vehicle occupied by the Plaintiff, Christopher Hickman, and as a result thereof, the Plaintiff, did suffer the following past, present, and future loss and damage:

   a) bodily injury;

   b) disfigurement;

   c) pain and suffering;

   d) mental suffering;

   e) loss of earnings;

   f) medical expenses; and

   g) disability or loss of normal life.

WHEREFORE, the Plaintiff, Christopher Hickman, prays for judgment against the Defendant, Q Carriers, Inc., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

Respectfully submitted,

By: **/s/ Kenneth H. Levinson**
_____
Kenneth H. Levinson

Levinson and Stefani Injury Lawyers
Attorneys for the Plaintiff
230 West Monroe Street, Suite 2210
Chicago, Illinois 60606
P: (312) 376-3812
F: (312) 376-3818
ken@levinsonstefani.com
ARDC No.: 6211155