IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER HICKMAN )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>Q CARRIERS, INC. and JACK ROBINSON, )<br>)<br>  Defendants. )<br>) | Case No. 21-cv-113-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion to Dismiss Count III of Plaintiff's Complaint filed by Defendant Q Carriers, Inc. (Doc. 12) and the Motion to Intervene by Nationwide Mutual Insurance Company (Doc. 19). No parties filed responses to either motion. As explained further, both motions are GRANTED.

Plaintiff alleges that he was injured when a semi-truck operated by Defendant Robinson collided with Plaintiff's vehicle. Plaintiff further alleges that Defendant Robinson was acting within the course and scope of his employment with Q Carriers, Inc. ("Q Carriers") at the time the accident occurred (Doc. 1). Plaintiff's Complaint contains three counts: 1) Count I against Defendant Robinson for his own alleged negligence; 2) Count II against Q Carriers under the theory of *respondeat superior* for Defendant Robinson's alleged negligence; 3) Count III against Q Carriers for "direct negligence" in hiring, training, and retaining Defendant Robinson.

As noted above, Plaintiff did not object or respond to Q Carrier's Motion to Dismiss. Pursuant to SDIL Local Rule 7.1(c), a party's failure to respond to a motion to dismiss may, in the

Court's discretion, be considered an admission of the motion's merits.  In its Motion, Q Carriers contends that because it has admitted Defendant Robinson was acting within the scope of his employment at the time the accident occurred, Plaintiff cannot maintain Count III for negligent hiring, training, and retaining.  Q Carriers filed its Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), yet refers the Court to the admission in its Answer that Defendant Robinson was acting within the scope of his employment at the time of the accident.  Defendant's motion is therefore "technically" a motion for judgment on the pleadings under Rule 12(c).  *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Because the practical effects of 12(b)(6) and 12(c) are the same, and because Plaintiff raised no objections to Defendant's motion, the Court will therefore construe Q Carrier's motion as one for judgment on the pleadings. *See id*.

Generally, a plaintiff can proceed on alternative theories of liability.  Fed. R. Civ. P. 8(d)(3).  However, in a case where the plaintiff brings both a *respondeat superior* claim and a claim based on negligent entrustment/retention/hiring against an employer defendant, the latter should be dismissed if the employer defendant admits the agency allegations.  *Johnson v. First Student, Inc.*, No. 18-c-50061, 2018 WL 5013918, *1 (N.D. Ill. Oct. 16, 2018) (*citing Gant v. L.U. Transport, Inc.*, 331 Ill.App.3d 924, 928-29 (1st Dist. 2002)).   Otherwise, the employer's liability would be assessed twice.  *Id*.  Accordingly, Q Carrier's Motion to Dismiss is GRANTED.

Federal Rule of Civil Procedure 24(a) requires the Court to permit a party to intervene if it "claims an interest relating to the property or transaction that is the subject of the action."  Here, Nationwide Mutual Insurance Company explains that it paid workers' compensation benefits to Plaintiff related to the injuries he received from the accident with Defendant Robinson. Nationwide asks to intervene in order to protect its subrogation interests in this matter. As none of the parties object, Nationwide's Motion to Intervene (Doc. 19) is GRANTED.

## CONCLUSION

Nationwide Mutual Insurance Company shall file its Complaint in Intervention on or before **June 4, 2021.**

Count III against Q Carriers, Inc. is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly at the conclusion of the case.

**IT IS SO ORDERED.**

**DATED:   June 1, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**